IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARIAN L. DANIELS, an individual, and THOMAS E. DANIELS, an individual, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. CIV-11-109-FHS ) |
| DOLGENCORP, LLC, a Kentucky corporation, d/b/a DOLLAR GENERAL STORES, | ) ) ) ) |
| Defendant. | ) |

**OPINION AND ORDER**

This case was originally filed in the District Court of Wagoner County, Oklahoma, and was removed to this federal court on the basis of diversity jurisdiction. Plaintiff, Marian L. Daniels ("Marian Daniels"), asserts a negligence claim against Defendant, Dolgencorp, LLC, d/b/a Dollar General Stores ("Dollar General"), based on an incident where she slipped and fell while in Defendant's Coweta, Oklahoma, store on March 10, 2009. Marian Daniels contends she "was in an aisle in the Defendant's store, and slipped on a freshly mopped wet floor and fell forcefully impacting the tile floor, sustaining injuries to her body." Petition, ¶ 5. Marian Daniels contends Dollar General failed to exercise reasonable care to keep its premises in a reasonably safe condition or to warn its customers of the hidden danger on the premises. Plaintiff, Thomas E. Daniels ("Thomas Daniels"), the husband of Marian Daniels, brings a claim for loss of consortium. Dollar General has moved for summary judgment. For the reasons stated below, summary judgment is denied.

1

The standards relevant to the disposition of a case on summary judgment are well established.  Having moved for summary judgment in its favor under Rule 56 of the Federal Rules of Civil Procedure, Dollar General's initial burden is to show the absence of evidence to support Plaintiffs' claims.  Celotex v. Catrett, 477 U.S. 317, 325 (1986).  Dollar General must identify those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which establish the absence of any genuine issue of material fact.  Universal Money Centers v. AT&T, 22 F.3d 1527, 1529 (10th Cir. 1994)(quoting Fed. R. Civ. P. 56(c)).  Dollar General need not negate Plaintiffs' claims or disprove their evidence, but rather, its burden is to show that there is no evidence in the record to support their claims.  Celotex, 477 U.S. at 325.  Plaintiffs, as the nonmoving parties, must go beyond the pleadings and "must set forth specific facts showing that there is a genuine issue for trial as to those dispositive matters for which [they] carr[y] the burden of proof." Applied Genetics v. First Affiliated Securities, 912 F.2d 1238, 1241 (10th Cir. 1990).

Summary judgment is not appropriate if there exists a genuine material factual issue.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-51 (1986).  "A fact is 'material' only if it 'might affect the outcome of the suit under the governing law,' and a dispute about a material fact is 'genuine' only 'if the evidence is such that a reasonable jury could return a verdict for the non-moving party.'"  Thomas v. IBM, 48 F.3d 478, 486 (10th Cir. 1995) (quoting Anderson, 477 U.S. at 248).  In this regard, the court examines the factual record and reasonable inferences therefrom in the light most favorable to Plaintiffs.  Deepwater Invs. Ltd. v. Jackson Hole Ski Corp., 938 F.2d 1105, 1110 (10th Cir. 1991).  This court's function is not "to weigh the evidence and determine the truth of

the matter but to determine whether there is a genuine issue for trial." Anderson, 477 U.S. at 249.

The facts taken in the light most favorable to the Plaintiffs establish the following. On the evening of March 10, 2009, Marian Daniels and her daughter, Wynetta Daniels, stopped at the Dollar General Store in Coweta, Oklahoma. They arrived at the store just before closing time. Wynetta Daniels remained in the vehicle while Marian Daniels went into the store to shop. During the course of her shopping, Marian Daniels turned to go up the paper product aisle. As she turned the corner, she felt her "feet just go" without any warning, and she slipped and hit the floor. Marian Daniels Deposition, p. 86, line 23. She was looking where she was walking but did not see any water or liquid solution on the floor. There were no signs warning of a wet floor in the area where she fell. Marian Daniels contends she sustained injuries as a result of her fall.

Marian Daniels testified at her deposition that the floor was wet in the area she fell. She came to this conclusion because her clothes underneath her were wet from the fall. There is evidence in the form of an answer to an interrogatory that a Dollar General employee, Devon Riley, was mopping the floors in anticipation of the closing of the store. Also, Wynetta Daniels states in an affidavit that after being summoned into the store after her mother's fall, she noticed "a mop bucket near the area where mother fell." Wynetta Daniels Affidavit, ¶ 7. These facts are sufficient to establish the existence of a genuine issue of fact precluding the issuance of summary judgment in favor of Dollar General.

Under Oklahoma law, "[a] business invitor has a duty to exercise reasonable care to prevent injury to an invitee, but the

invitor owes no duty to protect against hazards that are open and obvious." Dover v. W.H. Braum, Inc., 111 P.3d 243, 245 (Okla. 2005). Dollar General's duty is limited to protecting invitees such as Marian Daniels from "defects or conditions which are in the nature of hidden dangers, traps, snares, pitfalls, and the like, in that they are not known to the invitee and would not be observed by [her] in the exercise of ordinary care." Id. at 246. Dollar General is "under no duty to keep [its] premises free from obvious dangers," nor is it obligated to warn about dangers that are "readily apparent and observable." Billings v. Wal-Mart Stores, Inc., 837 P.2d 932, 933 (Okla.Civ.App. 1992).

Dollar General contends it is entitled to summary judgment because (1) it did not have notice of any defect in the aisle in time to either correct the defect or give a warning of its presence and (2) it owed no duty to warn of an open and obvious condition. The Court disagrees and finds the facts as recited above establish genuine issues of fact regarding notice to Dollar General and whether the condition of the floor constituted a hidden danger causing Marian Daniels' fall and resulting injuries. Marian Daniels has testified the floor was wet where she fell. There is evidence to establish that the floor was being mopped at the time of her fall and a mop bucket was found near the area of the fall. Dollar General argues for a different interpretation of these facts. It has also presented evidence to contest Marian Daniels' statement that the floor was wet. Dollar General submits the affidavit of Justin Poplin ("Poplin"), an EMS Crew Member with the Coweta Fire Department, who was called to the scene to attend to Marian Daniels and transport her to the hospital. Poplin states "there was no water around the patient, or the area where the patient was lying on the floor" at the time he arrived at the Dollar General store. These conflicting versions of the condition

4

of the floor at the time of Marian Daniels' fall, along with the inferences to be drawn from the mopping of the floors and the presence of the mop bucket near the site of the fall, present genuine issues of fact to be resolved at trial by a jury. Consequently, summary judgment in favor of Dollar General is denied.

Based on the foregoing reasons, Dollar General's Motion for Summary Judgment (Dkt. No. 22) is denied.

It is so ordered this 6th day of January, 2012.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma